**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

Jason T. Parker, et al,

        Plaintiff,

v.

City of Valdosta, Georgia,

        Defendant.

Civil Action No. 7:14-cv-156-HL

**RULES 16 AND 26 ORDER**

**TO: COUNSEL (OR PARTIES IF UNREPRESENTED BY COUNSEL):**

**READ THIS ORDER CAREFULLY AND COMPLETELY.**
**THE FORM AND CONTENT OF THIS ORDER MAY HAVE BEEN CHANGED SINCE**
**YOU LAST READ A RULE 16/26 ORDER FROM THIS COURT.**

Your attention is directed to Rules 16 and 26 of the Federal Rules of Civil Procedure and to this Court's Local Rules, copies of which may be obtained from the clerk's office or on the Court's website (www.gamd.uscourts.gov).

Rules 16(b) and 26(f) require the parties to confer, discuss a proposed discovery plan and e-file a report to the Court by e-filing the report with the clerk's office. In the preparation of this report, as well as subsequent proceedings in this case, counsel (and parties not represented by counsel) must be familiar with the Local Rules, the Federal Rules of Civil Procedure, and the administrative procedures for electronic filing.

You are directed to confer within 30 days of the entry of this Order, discuss each issue referenced in the Rule 26(f), develop a discovery plan, and e-file a report not later

than **February 20, 2015** outlining the plan as directed in Rule 26(f). The parties must discuss and report on the matters contained in Rule 26(f)(3). The report shall be a single document jointly filed and signed by the parties. Notwithstanding the language of Local Rule 26(a), the report shall not be in the form of a proposed scheduling and discovery order but shall be e-filed as a document in this case. The form for the report is attached to this Order. All matters in the report on which counsel are in agreement shall be stated; all matters on which counsel disagree shall be stated together with their respective positions concerning any disagreement.

A party who cannot gain the cooperation of an opposing party in the preparation and filing of the report shall notify the Court prior to the due date of the report. Failure by counsel (or a party without counsel) to cooperate in the preparation and filing of the report will result in sanctions.

The report must be e-filed. After receiving the report of the parties, the Court will enter a Scheduling and Discovery Order as directed by Rule 16(b). The scheduling report must be filed as a .pdf document. The Court is unable to electronically sign or modify scanned documents. If the parties have any questions regarding conversion of word processing documents to .pdf documents, they are directed to contact the Court.

The Court expects that absent good cause shown, all discovery will be completed within 180 days after the parties' Rule 26(f) conference. The parties may begin discovery upon completion of the Rule 26(f) conference. No discovery request may be served unless the response to the request can be completed within the time specified by the rules and within the discovery period. Except by written consent of the parties first filed with the

2

Court, no deposition shall be scheduled beyond the discovery period. If a party believes that more time for discovery is needed, an appropriate motion may be filed setting forth good cause for an extension.

While written motions to compel discovery may be properly filed, the Court requests that the parties initially refrain from filing such motions, and instead contact Nora Paul, Courtroom Deputy (478-752-0725), to schedule a telephone conference to discuss any discovery issues.

The Court expects discovery to proceed with expedition. Motions for extensions of the discovery period will be met with disfavor when the Court determines that the pursuit of discovery has been dilatory.

All motions to join other parties or to otherwise amend the pleadings must be filed as soon as the need for joinder or amendment is discovered. The deadline for filing motions to amend is 30 days before the close of discovery.

All dispositive motions must be filed within 45 days after the close of discovery. When deposition transcripts are filed with the Court, the parties are encouraged to email transcripts in ASCII format to Nora Paul, Courtroom Deputy, at Nora_Paul@gamd.uscourts.gov.

The plaintiff's expert witnesses must be designated within the first 90 days of the discovery period. The defendant's expert witnesses must be designated within the first 120 days of the discovery period. If the defendant designates an expert where the plaintiff has not previously designated an expert, the plaintiff shall have 30 days from the designation of the defendant's expert within which to designate a rebuttal expert witness. The

3

designation of an expert witness must be accompanied by a written report prepared and signed by the expert in accordance with Rule 26(a)(2)(B). Any designated expert witness must be available to be deposed during the discovery period.

The Court expects the case to be ready for trial at the expiration of 12 months next following the parties' Rule 26(f) conference. Parties and counsel may expect the case to be called for trial at the first trial term after that 12 month period.

Do not send courtesy copies of letters, motions or briefs to the Court.

When the case is settled, the parties must notify chambers immediately of the settlement.

Finally, if counsel or an unrepresented party orders a transcript or other compensable work from a court reporter during the pendency of this case, he will be held personally responsible for paying the costs due. Any invoice must be paid immediately upon receipt from the court reporter. The Court reserves the right to inquire into the requesting party's ability to pay for the transcript or other work.

**SO ORDERED**, this January 12, 2015.


_s/ Hugh Lawson_
**HUGH LAWSON, Judge**
**United States District Court**