**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| JASON T. PARKER, SARAH D. PARKER, STEVEN COOPER, GABRIEL W. FISHER,  MICHAEL C. HARRISON and CHRISTINA M. HARRISON, | |
| Plaintiffs, | CIVIL ACTION NO. 14-CV-156-HL |
| v. | |
| CITY OF VALDOSTA, GEORGIA, | |
| Defendant. | |

## JOINT SCHEDULING AND DISCOVERY REPORT

The parties held a Rule 26(f) conference on February 9, 2015.  In accordance with the Court's Rules 16 & 26 Order dated January 12, 2015, ECF No. 7, the parties to this action jointly developed a scheduling and discovery report containing deadlines and limitations as follows:

**I.     Nature of the Case:**

This case is a "citizen suit" action brought pursuant to the Federal Water Pollution Control Act ("Clean Water Act" or "CWA"), 33 U.S.C. § 1365(a)(1), by six residents of the Meadowbrook Subdivision within the City of Valdosta, Georgia.

**<u>By Plaintiffs</u>:**

The City of Valdosta owns, operates, and maintains a sanitary sewer system that includes a sanitary sewer line and associated manholes that traverse portions of Plaintiffs' properties.  The properties that Plaintiffs own include portions of Two Mile Branch.  Plaintiffs allege that the City has violated and continues to violate Sections 301 and 402 of the Clean Water Act by: (1) illegally and repeatedly discharging millions of gallons of sewage and other pollutants from "point sources" within the City's sanitary sewer system onto Plaintiffs' properties and into "waters of the United States" (Two Mile Branch, Sugar Creek, the Withlacoochee River, and other local water bodies), in violation of the CWA, the Georgia Water Quality Control Act, and their implementing regulations, and (2) discharging pollutants in contravention of effluent limitations, Georgia Water Quality Standards, and conditions contained in and incorporated into the National Pollutant Discharge Elimination System Permit ("NPDES") permit issued by the Georgia Environmental Protection Division ("EPD") to the City for operation of its Withlacoochee River Water Pollution Control Plant.  Plaintiffs allege that these violations of the CWA have injured them by, *inter alia*, damaging and interfering with their use of those portions of Two Mile Branch that they own, and interfering with their recreational use and aesthetic enjoyment of Sugar Creek, the Withlacoochee River, and other waters of the United States.

Plaintiffs seek declaratory and injunctive relief, civil penalties, and attorneys' fees and costs of litigation. Plaintiffs seek to compel the City to cease its unpermitted discharges of sewage and other pollutants onto their properties and into waters of the United States, or to obtain NPDES permits for such discharges through certain manholes and other conveyances of the City's sanitary sewer system, and to fully restore the waters of the United States including Two Mile Branch, Sugar Creek, the Withlacoochee River as well as any adjoining or adjacent lands contaminated or impaired by the City's illegal discharges. Plaintiffs also seek attorneys' fees and expenses of litigation pursuant to Section 505 of the Clean Water Act as well as other injunctive relief deemed appropriate by the Court upon presentation of evidence developed during the court of the litigation.

**By Defendant:**

The City of Valdosta, Georgia ("City") was inundated by a presidentially declared flood in 2009 that flooded and damaged one of its waste water treatment plants. In that flood, some, if not all of Plaintiffs' residences were also flooded to varying degrees.

In the aftermath of that flood, the City began addressing the damages sustained during the flood. In September, 2013, the City entered into a Consent Order with the Georgia Environmental Protection Division. In accordance with that Order, the City is make repairs to its wastewater infrastructure and building a

new waste water treatment facility.   These improvements, inter alia, can be generally characterized as: (1) Pump Station, Force Main, Headworks and Equalization Basis Project; (2) Relocation of the Withalcoohee WPCP; (3) Collection System Evaluation Program; (4) Manhole Replacement/Rehabilitation Program; (5) Lift Station Rehabilitation/Replacement Program; (6) Portable Generator Purchases for Lift Stations; and (7) Ongoing Repairs to existing Withlacooshee WPCP.   The items have respective completion deadlines of: (1) July, 2016; (2) August, 2017; (3) December, 2018; (4) December, 2018; (5) December, 2018; (6) December, 2016; and (7) August, 2017 deadline.

The cost of these improvements will exceed fifty million dollars.   The costs are being paid for by a combination of loans from the Georgia Environmental Finance Authority ("GEFA") and local tax revenue.   Despite much of the damages occurring during a presidentially declared flood, the Federal Emergency Management Agency (FEMA) denied funding for the projects.

In addition to the various projects engaged in by the City and required by the Consent Order, the Consent Order also imposed upon the City to fund a Supplemental Environmental Project (SEP) in an amount no less than $200,000.00. The City proposed a SEP consisting of: (1) updating the existing Sewer GEMS Hydraulic Model of the Withlacoochee sewershed; (2) developing the base case and develop the hydraulic model for use as a predictive tool to identify potential

sewer overflow locations base on the existing model data; and (3) identify, through modeling, potential I & I locations and prioritize (cost benefit analysis) I&I elimination through system rehabilitation.  The SEP was approved by the Georgia Environmental Protection Division on November 4, 2014.  The SEP was awarded on or about December 11, 2014.

From a legal and practical standpoint, the City does not believe the filing of this instant action advances the goals of the Clean Water Act.  The City, a year prior to this instant litigation, began a wide ranging effort to repair, replace and rehabilitate their waste water infrastructure.   Plaintiffs' request should for injunctive relief should be denied because the City is well on its ways to remedying the deficiencies in its systems.   Plaintiffs' request for the imposition of further civil penalties should be denied as the City is already proposed, received approval and awarded a SEP in an amount no less than $200,000.00.   As to attorney fees, Plaintiffs requested should be denied as this action will not advance the goals of the CWA.

**Legal Issues to Be Tried:**

Plaintiffs:

Plaintiffs intend to prove that the City violated its NPDES Permit by discharging pollutants into Two Mile Branch, Sugar Creek, and the Withlacoochee River in violation of any and all NPDES Permit conditions, or by discharging

pollutants into Two Mile Branch, Sugar Creek, and the Withlacoochee River without the requisite NPDES Permit authorization.  Plaintiffs will also seek the assessment of civil penalties for each and every proven violations; consequently, the Court will need to determine, in the event Plaintiffs prevail, the amount of all statutory penalties imposed upon the City.  Additionally, the Court will need to determine, in the event Plaintiffs prevail, the appropriate injunctive relief necessary to restore the ecological integrity of Two Mile Branch, Sugar Creek, the Withlacoochee River, any and all attendant wetlands, and any adjoining or adjacent lands contaminated or impaired by the City's illegal discharges.   Further, the Court will need to determine, in the event Plaintiffs prevail, the reasonable attorneys' fees and costs of litigation to award Plaintiffs.

Defendant:

(1)     The effect of the Consent Order entered into between the City and the Georgia Environmental Protection Division;

(2)     Whether Plaintiffs have failed to exhaust administrative remedies available to them;

(3)     Whether injunctive relief is needed in light of the Consent Order and its imposition;

(4)     Whether and to what extent CWA violations occurred;

(5)     Whether CWA civil penalties should be imposed; and

(6)    Whether Plaintiffs should be awarded attorneys fees and costs of

litigation.

## II.    Counsel of Record:

The following attorneys are lead counsel for the parties:

**For Plaintiffs:**

Donald D.J. Stack
C. Cooper Knowles
Stack & Associates, P.C.
260 Peachtree Street, NW, Suite 1200
Atlanta, Georgia 30303
404-525-9205 (telephone)
404-522-0275 (facsimile)
dstack@stackenv.com
cknolwes@stackenv.com
ksturm@stackenv.com

Zachary R. Cowart
Mark. E. Perry II
Cowart & Perry, LLP
109 West Adair Street
P.O. Box 5979
Valdosta, Georgia 31603
229-249-8680 (telephone)
229-249-8681 (facsimile)
zcowart@cowartandperry.com
mperry@cowartandperry.com

**For Defendant:**

George T. Talley
Timothy M. Tanner
Coleman Talley LLP
910 N. Patterson Street
Valdosta, Georgia 31601

229-242-7562 (telephone)
229-333-0885(facsimile)
tim.tanner@colemantalley.com

## III.   Discovery:

### A.   Initial Disclosures

The parties must make their Rule 26(a) initial disclosures no later than **Monday, February 23, 2015**, which is 14 days after the parties' Rule 26(f) conference.

### B.   Time for Discovery

The time for discovery in this case shall expire on **August 8, 2015**, 180 days after the parties' Rule 26(f) conference.   The parties are authorized to begin discovery once the Rule 26(f) conference is held.

No discovery request may be served unless the response to the request can be completed within the time specified by the rules and within the discovery period.   Except by written consent of the parties first filed with the Court, no deposition shall be scheduled beyond the discovery period.

If a party believes that more time for discovery is needed, an appropriate motion may be filed setting forth good cause for an extension.

### C.   Subjects of Discovery

By Plaintiffs:

[1352564/1]                                                8

Plaintiffs anticipate discovery on the following issues: (1) any and all discharges of sewage and other pollutants from manholes and other conveyances of the City's sanitary sewer system in the five years preceding the filing of the present action; (2) the City's history of compliance with the NPDES Permit for the Withlacoochee River Water Pollution Control Plant; (3) the City's operation and maintenance of its sanitary sewer system, including historical operation and maintenance; (3) the City's steps to minimize and prevent any allegedly illegal discharges; (4) the City's testing and analysis of Two Mile Branch, Sugar Creek, the Withlacoochee River, and other local water bodies for water quality and compliance with Georgia Water Quality Standards; (5) any and all work conducted on the City's sanitary sewer system that was designed and undertaken to minimize or prevent sanitary sewer overflow events; (6) the City's negotiations with EPD and the U.S Environmental Protection Agency over the September 2013 Consent Order; (7) any and all work conducted by, and plans of the City to comply with, the September 2013 Consent Order; (8) the City's communications, negotiations, and meetings with the Federal Emergency Management Agency regarding the necessary improvements to bring the City's sanitary sewer system into compliance with all local, state and federal regulations; (9) all communications, negotiations, and meetings with the Army Corps of Engineers regarding the impacts of rainfall

on the functioning of the City's sanitary sewer system, and (10) all budgetary decisions made by the City within the last five (5) years.

    <u>By Defendant</u>:

1. The effect of the corrective action being taken by the City in compliance with the Consent Order;

2. The effect of any alternatives offered by Plaintiffs to the corrective action taken by the City; and

3. Whether and to what extent CWA violations occurred.

    D.    <u>Electronically Stored Information</u>

Plaintiffs and Defendant do not anticipate any issues concerning electronically stored information outside of the typical discovery requests for e-mails and other information stored electronically.

Parties shall produce any electronically stored information, including e-mails, in .pdf format with an optical character recognition ("OCR") layer by e-mail to opposing counsel where size permits, otherwise parties shall produce the information by U.S. Mail.

Where the native format of electronically stored information is not in a .pdf format, the parties shall additionally produce documents in the native file format, including Excel spreadsheets (.xls), unless otherwise agreed to by the party seeking the information.

E.      Privilege Claims and Related Issues

      1.      *Inadvertent Production*

Inadvertent production of any confidential, privileged, or work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall constitute neither a waiver of any claim of privilege that may otherwise attach thereto nor a general waiver of such claim or privilege.  The producing party shall promptly make a good-faith representation that such production was inadvertent or mistaken.  The review undertaken by the producing party shall be deemed to satisfy the reasonableness requirement of Rule 502.

      2.      *Privilege Logs*

The parties will produce privilege logs in Excel format or a similar format that allows text searching and organization of data.  Documents created after March 29, 2013, need not be included on the privilege logs.  A party shall produce a privilege log with its first production of documents for which privilege is asserted to apply, and at the time of any subsequent or rolling productions.  In addition, a party shall produce a privilege log for any documents relevant to the present action and withheld during any prior production of documents to the opposing party, at the time of its first production of documents.

Each privilege log must identify documents and redacted portions of documents responsive to discovery requests that have been withheld from production on the basis of the attorney-client privilege, work-product privilege, or other applicable privilege or protection from disclosure.  Each log shall contain the following information: (1) date of document; (2) full name, job title, and capacity of author and of each recipient of the document, including all persons copied; (3) the relationship between each recipient and the client and/or author; (4) a description of the subject matter of the document with information sufficient to demonstrate the existence of the privilege; (5) whether the primary purpose of the document was to seek or provide legal advice or services and whether the document was transmitted in confidence (for attorney-client privilege claims); (6) sufficient information to demonstrate that each element of the doctrine or privilege is satisfied; (7) a statement that the privilege has not been waived; and (8) the Bates range of the withheld documents.

The parties need not log privileged documents to or from counsel that pertain to the prosecution or defense of this litigation, given the clear applicability of the privilege to such documents.   For illustrative purposes, in the event any communication is withheld as protected by the attorney client privilege or by the work product doctrine, and in the event that document was shared with any individual(s) not an employee of Coleman Talley, not a City of Valdosta

Employee, and/or not an expert witnessed identified pursuant to F.R.C.P. Rule 26, then that communication must be included in the privilege logs.

Each party may designate up to 20 documents from the privilege log for in-camera inspection.

        3.   *Experts*

The parties agree that neither party will be entitled to communications with experts not discoverable under Rule 26(a)(2).  Drafts of expert reports and communications between attorneys and experts, except those relating to compensation, facts, or data provided by an attorney that the expert considered in forming opinions to be expressed, or relating to assumptions provided by the attorney and relied on by the expert, shall not be discoverable.

        F.   <u>Changes to Discovery Limitations</u>

At this early state, the Parties do not foresee any requests for changes in the limitation on discovery, however, the Parties reserve the right to request changes pending the close of discovery.

        G.   <u>Other Discovery Matters</u>

All discovery disputes will be discussed by phone call between counsel, not via letter.  All depositions will be scheduled by agreement.  All deposition exhibits will be numbered sequentially.

        H.   <u>Expert Witnesses</u>

Any party who desires to use the testimony of any expert witness will be required to designate the expert according to the following schedule:

Plaintiff must disclose the identity of any expert witnesses on or before **May 10, 2015**.

Defendant must disclose the identity of any expert witnesses on or before **June 9, 2015**.

If Defendant designates an expert where Plaintiffs have not previously designated an expert, Plaintiff shall have 30 days from the designation of Defendant's expert within which to designate a rebuttal expert witness.

The designation of any expert witness must be accompanied by a written report prepared and signed by the expert in accordance with Rule 26(a)(2)(B).

Any designated expert witness must be available to be deposed during the discovery period.

Any supplemental expert reports must be served on or before **July 19, 2015**.  No additional supplemental reports may be disclosed or provided after this date without leave of Court.

**IV.   Motion Deadlines:**

A.   All motions to join other parties or to otherwise amend the pleadings must be filed as soon as the need for joinder or amendment is discovered.  The

deadline to file any motion to amend is **July 9, 2015**, that being not more than 30 days before the expiration of discovery in this case.

B. All dispositive motions shall be filed on or before **September 22, 2015**, that being not more than 45 days after the expiration of discovery in this case.

C. All *Daubert* motions must be filed on or before **September 7, 2015**, that being no more than 30 days after the expiration of discovery in this case. The parties are instructed not to file *Daubert* motions as part of dispositive motions.

**V.   Other Matters:**

A. The parties agree that requests for admission that are propounded solely to authenticate documents are provided under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

B. The parties are limited by the Local Rules to 25 interrogatories (L.R. 33.1), 10 requests for production (L.R. 34), and 15 requests for admissions (L.R. 36). The parties may not exceed these limits without filing a motion and receiving written permission from the Court.

C. All applications to the Court for orders shall be presented in the form of written motions filed pursuant to the Local Rules. Letters, faxes,

and telephone calls will not be accepted in lieu of a properly filed motion unless requested or otherwise authorized by the Court.

D.    Any request for leave of absence should be filed in the form of a motion.  The Court will not consider notices filed pursuant to Uniform Superior Court Rule 16.

E.    The parties will not send courtesy copies of letters, motions, or briefs to the Court.

F.    This schedule shall not be modified except upon a showing of good cause and by leave of Court.

Respectfully submitted,

Date: **February 20, 2015**          **s/ Donald D.J. Stack, Esq.**
                                      Donald D.J. Stack
                                      Georgia Bar No. 673735
                                      C. Cooper Knowles
                                      Georgia Bar No. 426699
                                      STACK & ASSOCIATES, P.C.
                                      260 Peachtree Street, NW, Suite 1200
                                      Atlanta, GA 30303
                                      Telephone: (404) 525-9205
                                      Facsimile: (404) 522-0275
                                      E-mail: dstack@stackenv.com
                                         cknowles@stackenv.com

                                      **s/ Zachary R. Cowart, Esq.**
                                      Zachary R. Cowart
                                      Georgia Bar No. 191980
                                      Mark E. Perry II
                                      Georgia Bar No. 142486
                                      COWART & PERRY, LLP

109 West Adair Street
P.O. Box 5979
Valdosta, GA 31603
Telephone: (229) 249-8680
Facsimile: (229) 249-8681
E-mail: zcowart@cowartandperry.com
    mperry@cowartandperry.com

*Attorneys for Plaintiffs*


Date: **February 20, 2015**          **s/ Timothy M. Tanner, Esq.**
                                      Timothy M. Tanner
                                      Georgia Bar No. 697683
                                      George T. Talley
                                      Georgia Bar No. 696700
                                      COLEMAN TALLEY LLP
                                      910 North Patterson Street
                                      P.O. Box 5437
                                      Valdosta, GA 31603-5437
                                      Telephone: (229) 242-7562
                                      Facsimile: (220) 333-0885
                                      E-mail: tim.tanner@colemantalley.com
                                        george.talley@colemantalley.com

*Attorneys for Defendant*

The Court, having reviewed the information contained in the Scheduling and Discovery Report completed and filed jointly by the parties to this action, hereby ADOPTS the parties' plan and, except as herein modified, MAKES IT THE ORDER OF THE COURT:

**SO ORDERED**, this **23rd** day o<u>f **February, 2015.**</u>

<u>  *s/ Hugh Lawson*                    </u>
HUGH LAWSON
United States Senior District Judge